# NO. 12-08-00339-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL KENNEDY,* <br> *APPELLANT* | *§* | *APPEAL FROM THE THIRD* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant Michael Kennedy filed a notice of appeal from a judgment of conviction for burglary, a felony. *See* TEX. PENAL CODE ANN. § 30.02(c), (d) (Vernon 2003). Included in his notice of appeal is a request for an out of time appeal.

The Texas Court of Criminal Appeals is the only court with jurisdiction to consider a request for an out of time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Moreover, on February 25, 1988, in our cause number 12-86-00248-CR, we issued an opinion affirming the judgment Appellant attempts to appeal. That judgment because final after the court of criminal appeals denied Appellant's petition for review, and we issued our mandate on April 13, 1988. Texas Code of Criminal Procedure, article 11.07 provides that a challenge to a final felony conviction, in a case in which the death penalty is not imposed, must be made by an application for writ of habeas corpus, returnable to the court of criminal appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008); *Bd. of Pardons & Paroles ex rel. Keene v. Eighth Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Courts of appeals do not have jurisdiction in such matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004). Accordingly, this appeal and Appellant's request for an out of time appeal are *dismissed*.

Opinion delivered September 3, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2